**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN CARLISLE CARRINGTON,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:23-1975** |
| | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **DAVID WAPINSKY, et al.,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

**MEMORANDUM**

I. **Background**

On November 30, 2023, Plaintiff, an inmate, confined at the time, in the Schuylkill County Prison, Pottsville, Pennsylvania, filed the above captioned civil rights action. (Doc. 1). The named Defendants are five Schuylkill County Prison employees. Id. Plaintiff seeks compensatory and punitive damages for alleged violations of his First, Sixth and Eighth Amendment rights. Id.

On February 15, 2024, Defendants filed a motion to dismiss or, in the alternative, for summary judgment, along with a statement of facts and brief in support. (Docs. 16-19).

On February 20, 2024, Plaintiff filed a notice of change of address, indicating that he was no longer housed in the Schuylkill County Prison and his current address is 449 East Market Street, Pottsville, Pennsylvania. (Doc. 20). On February 21, 2024, Defendants filed a certificate of service indicating that they served their motion to dismiss or for summary judgment on Plaintiff at his new address. (Doc. 21).

By Order dated March 19, 2024, this Court directed Plaintiff to file, on, or before, April 19, 2024, a brief in opposition to Defendants' pending motion to dismiss or for summary judgment. (Doc. 22). This Order was served on Plaintiff at his current address. Id.

By Order dated May 8, 2024, this Court directed Plaintiff to show cause as to why the above captioned action should not be dismissed pursuant to Fed.R.Civ.P. 41(b) for Plaintiff's failure to prosecute. (Doc. 23). To date, Plaintiff has not responded to this Court's Show Cause Order, or the Defendants' motion to dismiss or for summary judgment, nor has he requested an enlargement of time within which to do so. In fact, Plaintiff has not communicated with this Court since his February 20, 2024 notice of change of address. (See Doc. 20). Thus, for the reasons that follow, the Court will dismiss the above captioned action for Plaintiff's failure to prosecute and to comply with a Court Order.

## II. <u>Legal Standard</u>

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits *sua sponte* dismissals by the court. <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630–31 (1962); <u>Hewlett v. Davis</u>, 844 F.2d 109, 114 (3d Cir. 1988) (same). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." <u>Link</u>, 370 U.S. at 630–31; <u>see also</u> <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute his action, and therefore his action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. <u>See</u> <u>Emerson v. Thiel Coll.</u>, 296 F.3d 184, 190 (3d Cir. 2002). In evaluating whether an action should be dismissed for failure to prosecute, a court must balance six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of

dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

The Poulis factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . ." Mindek, 964 F.2d at 1373. No one factor is determinative and not all of the Poulis factors must be met to warrant dismissal.  Id.; Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). Instead, the decision must be made in the context of the court's extended contact with the litigant. Dismissal for failure to prosecute is appropriately labeled a "drastic sanction," however, because it is "deemed to be an adjudication on the merits, barring any further action between the parties." Sebrell ex rel. Sebrell v. Phila. Police Dep't, 159 F. Appx. 371, 373 (3d Cir. 2005) (not precedential) (citing Landon v. Hunt, 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)). In light of this framework, the Court finds that a careful assessment of the Poulis factors in the case at bar weighs heavily in favor of dismissing this action.

## III. Discussion

### 1. Plaintiff's Personal Responsibility

Looking to the Poulis factors, the Court finds that a consideration of the first factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to Carrington. Because Carrington is a pro se litigant, he is solely responsible for prosecuting his claim. See Hoxworth v. Blinder Robinson & Co., 980 F.2d 912, 920 (3d Cir. 1992). "As a general rule, a pro se litigant is responsible for his failure to comply with court orders." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011) (not precedential); see also Emerson, 296 F.3d at 191; Winston v. Lindsey, Civ. No. 09-224, 2011 WL 6000991, at *2 (W.D. Pa. Nov. 30, 2011) (concluding that a pro se litigant "bears all of the responsibility for any failure to prosecute his claims"). Carrington has failed to abide by Court Orders and neglected to litigate this case. Specifically, Carrington has failed to file a brief in opposition to Defendants' pending motion to dismiss or for summary judgment, despite being directed to do so by the Court. Additionally, Carrington was specifically warned that his failure to file an opposition brief or respond to the Court's Order may result in the dismissal of this action. As of the date of this Memorandum, Carrington has failed to comply with either directive. Accordingly, the first Poulis factor weighs in favor of dismissal.

## 2. Prejudice to the Moving Party

As for the second Poulis factor, a finding of prejudice does not require "irremediable harm." Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 873–74 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). Here, the Court finds that Carrington's failure to respond to the Court's Orders has frustrated and delayed resolution of this action. Going forward, such failure to litigate would prejudice Defendants, who without timely responses by Carrington could not seek a timely resolution of the case. Accordingly, the Court finds that the second Poulis factor weighs in favor of dismissal.

## 3. History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874; see also Emerson, 296 F.3d at 191 (per curium) (finding a history of dilatory conduct where the plaintiff repeatedly requested stays and failed to comply with court-mandated deadlines). Conversely, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." Briscoe v. Klaus,

538 F.3d 252, 261 (3d Cir. 2008) (citation omitted). In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." Adams, 29 F.3d at 875. Here, Carrington has not only failed to respond to the Court's Orders requiring him to file a brief in opposition, but he has failed to show cause why this action should not be dismissed. In fact, Carrington has not communicated with the Court since the filing of his February 20, 2024 notice of change of address. (See Doc. 20). Accordingly, Carrington's actions demonstrate a history of dilatoriness that weighs in favor of dismissal.

### 4. Willful Conduct or Bad Faith

The fourth Poulis factor requires the Court to consider whether Carrington's conduct reflects mere inadvertence or negligence, as opposed to "strategic," "intentional or self-serving behavior." Adams, 29 F.3d at 875-76. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." Briscoe, 538 F.3d at 262 (quotation omitted). Here, Carrington's failure to abide by multiple Orders by the Court and failure to file a brief in opposition to Defendants' motion "demonstrate[s] a willful disregard for procedural rules and court directives." Gilyard v. Dauphin Cty. Work

Release, No. 10-1657, 2010 WL 5060236, at *2 (M.D. Pa. Dec. 6, 2010).

Thus, the fourth Poulis factor weighs in favor of dismissal.

### 5. Availability of Alternative Sanctions

The fifth Poulis factor examines the effectiveness of sanctions other

than dismissal. 747 F.2d at 868. Generally, "sanctions less than dismissal

[are] ineffective when a litigant, such as [Carrington], is proceeding pro se."

See Lopez, 435 F. App' x at 116; Emerson, 296 F.3d at 191 (*per curium*);

Nowland v. Lucas, No. 1:10-CV-1863, 2012 WL 10559, at *6 (M.D. Pa. Jan.

3, 2012) ("This case presents such a situation where the plaintiff's status as

a pro se litigant severely limits the ability of the court to utilize lesser

sanctions to ensure that this litigation progresses in an orderly fashion.").

Here, Carrington is proceeding pro se and in forma pauperis, there is no

evidence to suggest that paying monetary sanctions will remedy Carrington's

deficiencies. Therefore, monetary sanctions would not be effective in this

case. Moreover, Carrington's failure to respond to Court Orders leads to an

inference that further orders to him would not be effective. Accordingly, the

fifth Poulis factor weighs in favor of dismissal.

### 6. Meritoriousness of Plaintiff's Claims

The final Poulis factor enjoins the Court to consider the

meritoriousness of Carrington's claims. 747 F.2d at 868. A claim is deemed

meritorious when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." <u>Poulis</u>, 747 F.2d at 870. "Generally, in determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." <u>Briscoe</u>, 538 F.3d at 263 (citing <u>Poulis</u>, 747 F.2d at 869–70). Here, assuming for the sake of argument that Carrington's claims have merit, consideration of this factor cannot save his case because he is now wholly noncompliant with his obligations as a litigant. The Plaintiff cannot refuse to address the merits of his claims, and then assert the untested merits of these claims as grounds for denying a motion to sanction him. Furthermore, it is well-settled that " 'no single <u>Poulis</u> factor is dispositive,' <u>Ware</u>, 322 F.3d at 222, [and it is] clear that 'not all of the <u>Poulis</u> factors need be satisfied in order to dismiss a complaint.' <u>Mindek</u>, 964 F.2d at 1373." <u>Briscoe</u>, 538 F.3d at 263. Therefore, the untested merits of the non-compliant Plaintiff's claims, standing alone, cannot prevent imposition of sanctions. This is particularly true in this instant case, where Carrington's actions reveal that he has abandoned this litigation.

### 7. Balancing the <u>Poulis</u> factors

To reiterate, when weighing the <u>Poulis</u> factors, there is no "magic formula" or "mechanical calculation" that automatically warrants dismissal for failure to prosecute. <u>Briscoe</u>, 538 F.3d at 263. Quite the contrary, the Court

is guided by the Third Circuit's warning that "no single Poulis factor is dispositive," and that "not all of the Poulis factors need be satisfied in order to dismiss a complaint." Ware, 322 F.3d at 222; Mindek, 964 F.2d at 1373.

In sum, the Poulis factors weigh heavily in favor of dismissal of this action for lack of prosecution. As it is apparent to the Court that Carrington has made no effort to prosecute his case as evidenced by his failure to respond to this Court's Orders, his complaint will be dismissed for failure to prosecute. See Silbermonn, 2021 WL 1705228, at *3.

## IV. Conclusion

Carrington's last communication with the Court was on February 20, 2024. Carrington's prolonged failure to communicate with the court and comply with its orders has forced the Court to consider whether to dismiss the instant action for failure to prosecute. After consideration of the Poulis factors, it is clear that the factors militate in favor of dismissal of Carrington's claims.

Date 6/17/24

JUDGE JULIA K. MUNLEY
United States District Judge

- 10 -